The Honorable Timothy W. Dore
Chapter 13

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>NAZARIO HERNANDEZ,<br><br>Debtor.<br>_____<br><br>NAZARIO HERNANDEZ,<br><br>     Plaintiff,<br><br>v.<br><br>FRANKLIN CREDIT MANAGEMENT CORPORATION and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR BOSCO CREDIT II TRUST SERIES 2010-1,<br><br>     Defendants. | Case No. 18-13392-TWD<br><br>Adversary No.<br><br>COMPLAINT TO AVOID DEED OF TRUST LIEN AND OBJECTION TO CLAIM |

COMES NOW the Plaintiff, Nazario Hernandez, by and through the undersigned attorney, and states and alleges as follows:

**I. PARTIES AND JURISDICTION**

COMPLAINT TO AVOID DEED OF TRUST LIEN AND
OBJECTION TO CLAIM - Page 1

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST., SUITE 311
SEATTLE, WA 98109
V (206) 330-0595
F (206) 400-7609

Case 18-01159-TWD Doc 1 Filed 11/16/18 Ent. 11/16/18 10:53:53 Pg. 1 of 6

1. Plaintiff. Plaintiff is the Debtor in chapter 13 case number 18-13392, filed on August 29, 2018.

2. Defendant Franklin Credit Management Corporation. Upon information and belief, Defendant Franklin Credit Management Corporation (hereinafter referred to as "Defendant Franklin") is a Delaware Corporation doing business in the state of Washington.

3. Defendants Deutsche Bank National Trust Company. Upon information and belief, Defendant Deutsche Bank National Trust Company is a California investment bank doing business in the State of Washington. Deutsche Bank National Trust Company is the Trustee for Bosco Credit II Trust Series 2010-1, the creditor listed on proof of claim number 3 filed in this case.

4. Jurisdiction. This adversary proceeding is one arising in the Chapter 13 case of the above-named debtor now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334. This adversary proceeding is commenced pursuant to BR 7001 *et seq* and 11 U.S.C. §§ 502 (b)(1) and 506 (d).

5. Venue. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (B), (K) and/or (O).

## II. FIRST CAUSE OF ACTION

## 11 U.S.C. § 506 (d)

6. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 8 above, inclusive as though fully set forth herein.

7. On or about August 16, 2006, the debtor executed a Note in favor of "WMC Mortgage Corp." in the principal amount of $67,600.00 (the "Note").

8. On or about August 18, 2006, a Deed of Trust dated August 16, 2006 was

COMPLAINT TO AVOID DEED OF TRUST LIEN AND
OBJECTION TO CLAIM - Page 2

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST., SUITE 311
SEATTLE, WA 98109
V (206) 330-0595
F (206) 400-7609

Case 18-01159-TWD    Doc 1    Filed 11/16/18    Ent. 11/16/18 10:53:53    Pg. 2 of 6

recorded against the debtor's property located at 31445 West Lake Morton Drive Southeast Covington, WA 98042 (APN 4053200972), legally described as:

> LOT(S) 2, KING COUNTY SHORT PLAT NUMBER 283026, RECORDED UNDER RECORDING NUMBER 8305040997, IN KING COUNTY, WASHINGTON;
>
> TOGETHER WITH THAT PORTION OF LOT 1 IN SAID SHORT PLAT LYING WESTERLY OF A LINE DESCRIBED AS FOLLOWS:
>
> BEGINNING AT THE NORTHWESTERLY CORNER OF SAID LOT 1;
> THENCE EASTERLY ALONG THE NORTHERLY BOUNDARY 23.96 FEET TO THE POINT OF BEGINNING OF SAID LINE;
> THENCE SOUTHERLY TO A POINT ON THE SOUTHERLY BOUNDARY OF LOT 1 WHICH IS 24 FEET EASTERLY OF THE SOUTHWEST CORNER OF SAID LOT 1 AND THE TERMINUS OF SAID LINE; AND
>
> TOGETHER WITH AN EASMENT FOR ROADWAY OVER AND UPON THE SOUTH 20.00 FEET OF TRACT 208, PLAT OF LAKE MORTON TRACTS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 48 OF PLATS, PAGE(S) 90 AND 91, IN KING COUNTY, WASHINGTON;
> EXCEPT THE WEST 100.00 FEET THEREOF

as a second encumbrance in the amount of $67,600.00 (King County Recorder's Recording No. 20060818002016).

9. Upon information and belief, and Plaintiff thereupon alleges, Defendant Deutsche Bank National Trust Company is or was the "account's current creditor".

10. Upon information and belief, and Plaintiff thereupon alleges, the servicer engaged by Defendant Deutsche Bank National Trust Company is and/or was Defendant Franklin Credit Management Corporation.

11. Upon information and belief, and as conceded by Defendants in the Objection to Confirmation (docket number 15, paragraph 5) the debtor was last due for the December 2010 payment, if not earlier.

COMPLAINT TO AVOID DEED OF TRUST LIEN AND
OBJECTION TO CLAIM - Page 3

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST., SUITE 311
SEATTLE, WA 98109
V (206) 330-0595
F (206) 400-7609

Case 18-01159-TWD    Doc 1    Filed 11/16/18    Ent. 11/16/18 10:53:53    Pg. 3 of 6

12. In the Objection to Confirmation, Defendants make the following representations to the Court, which Plaintiff accepts as admitted:

> 2. On or about August 16, 2006, Debtor made, executed and delivered to WMC Mortgage Corp. a Promissory Note ("Note") in the principal sum of $67,600.00. Secured Creditor is in constructive possession of the Note and is entitled to enforce the document.
>
> 3. On or about August 16, 2006, Debtor made, executed and delivered to WMC Mortgage Corp. a deed of trust ("Deed of Trust") granting Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for WMC Mortgage Corp., a security interest the residential real property commonly known and described as 31445 West Lake Morton Drive Southeast, Covington, WA 98042 (the "Property"), which is more fully described in the Deed of Trust.
>
> 4. On or about November 28, 2011, the beneficial interest of MERS in the Deed of Trust was sold, assigned and transferred to Secured Creditor ("Assignment").
>
> 5. The obligation under the Note and Deed of Trust is in default commencing December 1, 2010, due to the Debtor's failure to make monthly payments to Secured Creditor. As of the date of filing, the prepetition arrearage claim was $40,249.20.

COMPLAINT TO AVOID DEED OF TRUST LIEN AND
OBJECTION TO CLAIM - Page 4

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST., SUITE 311
SEATTLE, WA 98109
V (206) 330-0595
F (206) 400-7609

Case 18-01159-TWD    Doc 1    Filed 11/16/18    Ent. 11/16/18 10:53:53    Pg. 4 of 6

13. According to page 5 of claim 3 filed in this case, the last payment received on this debt was made no later than March 16, 2011, although this payment shows as being returned by the debtor's bank (the check bounced).

14. On May 10, 2012, the Plaintiff Nazario Hernandez, along with his wife and then co-debtor Alicia Hernandez, filed a chapter 7 bankruptcy case in this court, case number 12-14989. The Debtors in that case received a discharge on August 15, 2012.

15. 11 U.S.C. § 506 (d) provides "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void".

16. Pursuant to RCW 4.16.040 (1) an action upon a contract in writing is required to be commenced within six years.

17. In turn, RCW 7.28.300 provides that the record owner of real estate may maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations and may have a judgment quieting title against such a lien.

18. The discharge of a borrower's personal liability on a loan through bankruptcy—which in this case occurred on August 15, 2012, the date the chapter 7 Debtors (including Plaintiff) received their discharge—is analogous to a promissory note's maturation. Jarvis v. Fed. Nat'l Mortg. Ass'n, No. C16-5194-RBL at *3, 2017 WL 1438040 (W.D. Wash. Apr. 24, 2017), aff'd mem., 726 Fed.App'x. 666 (9th Cir. 2018).

20. Based on the proof of claim, the last late charge was assessed on April 17, 2012, indicating that the account was charged off the debt became a demand note as of May 2012.

COMPLAINT TO AVOID DEED OF TRUST LIEN AND
OBJECTION TO CLAIM - Page 5

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST., SUITE 311
SEATTLE, WA 98109
V (206) 330-0595
F (206) 400-7609

Case 18-01159-TWD    Doc 1    Filed 11/16/18    Ent. 11/16/18 10:53:53    Pg. 5 of 6

21. At the latest, the statute of limitations begins to run with the payment due the month of Discharge, in this case August 1, 2012. See *Jarvis* at 667, citing *Edmondson v. Bank of America*, 194 Wash.App. 920, 931-32 (Wash. Court of Appeals 2016).

WHEREFORE, Plaintiff prays for judgment on this complaint, as may be amended from time to time, as follows:

a) For avoidance of the Deed of Trust in favor of Defendant(s) pursuant to 11 U.S.C. § 506 (d);

b) For disallowance of claim number 3 as time-barred;

c) For recovery of attorney fees and costs, to the extent recoverable under applicable law and the evidence submitted to the Court; and

d) For such further relief as this Court deems just in the premises.

DATED this November 16, 2018.

HENRY & DEGRAAFF, P.S.

By: */s/Jacob D. DeGraaff*
    Jacob DeGraaff, WSBA #36713
    Attorney for Debtor

COMPLAINT TO AVOID DEED OF TRUST LIEN AND
OBJECTION TO CLAIM - Page 6

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST., SUITE 311
SEATTLE, WA 98109
V (206) 330-0595
F (206) 400-7609

Case 18-01159-TWD    Doc 1    Filed 11/16/18    Ent. 11/16/18 10:53:53    Pg. 6 of 6