Renee M. Parker, Esq., WSBA No. 36995
THE MORTGAGE LAW FIRM PLLC
601 W First Avenue, Suite 1417
Spokane, WA 99201
Tel: (509) 866-5375
Fax: (509) 202-4380
Renee.Parker@mtglawfirm.com

Judge Timothy W. Dore
Adversary Proceeding/Chapter 13
Hearing Location: Seattle
Hearing Date: February 6, 2019
Hearing Time: 9:30 a.m.
Response Date: January 30, 2019

# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>NAZARIO HERNANDEZ,<br>Dba Big Mountain Landscaping and Maintenance<br><br>Debtor. | AP Case No. 18-01159-TWD<br><br>Underlying BK Case No. 18-13392-TWD<br><br>**MOTION TO DISMISS COMPLAINT** |
| NAZARIO HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN CREDIT MANAGEMENT CORPORATION and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR BOSCO CREDIT II TRUST SERIES 2010-1,<br><br>Defendants. | |

**TO THE HONORABLE TIMOTHY W. DORE, UNITED STATES BANKRUPTCY COURT JUDGE, THE PLAINTIFF, AND ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

---

MOTION TO DISMISS COMPLAINT

TMLF File No. 143606

Renee M. Parker (SBN 36995)
The Mortgage Law Firm, PLLC
601 West First Avenue, Suite 1417
Spokane, WA 99201
PH: (509) 866-5375/FAX: (509) 202-4380

1

PLEASE TAKE NOTICE THAT Defendants FRANKLIN CREDIT MANAGEMENT CORPORATION ("FCMC") and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR BOSCO CREDIT II TRUST SERIES 2010-1 ("Deutsche Bank") (hereinafter FCMC and Deutsche Bank will be collectively referenced as "Defendants"), by and through undersigned counsel, hereby moves this Court for an order dismissing the Complaint in this matter in its entirety, with prejudice.

This motion is based on the separately-filed notice, this motion, the memorandum of points and authorities herein, any accompanying Request for Judicial Notice, Rule 12(b)(6) of the Federal Rules of Civil Procedure, and any and all other evidence, declarations, documents or pleadings in the Court filed in this adversary action and/or the underlying bankruptcy case, and any oral argument presented at the time of the hearing.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.     **RELIEF REQUESTED**

Defendant moves the Court for an order dismissing the Complaint filed by Plaintiff NAZARIO HERNANDEZ ("Plaintiff") pursuant to Fed. R. Civ. Proc. Rule 12(b)(6), in accordance with Fed. R. Bankr. Proc. Rule 7012(b), for failure to state a claim against Defendants upon which relief can be granted. Dismissal is appropriate as the Plaintiff's allegations against Defendants lack facial plausibility given they are factually unsupported and based upon erroneous legal conclusions. Plaintiffs filed the Complaint without any basis for recovery under Washington or Bankruptcy Law, and attempts to preclude Defendants from being able to enforce its in rem rights afforded under its deed of trust.

For the reasons stated below, the Court should grant Defendant's Motion with prejudice.

///
///
///

---

MOTION TO DISMISS COMPLAINT

TMLF File No. 143606

Renee M. Parker (SBN 36995)
The Mortgage Law Firm, PLLC
601 West First Avenue, Suite 1417
Spokane, WA 99201
PH: (509) 866-5375/FAX: (509) 202-4380

2

## II. INTRODUCTION AND IDENTIFICATION OF PARTIES

FRANKLIN CREDIT MANAGEMENT CORPORATION ("FCMC") is the holder of the Note and assignee of the Deed of Trust. DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR BOSCO CREDIT II TRUST SERIES 2010-1 ("Deutsche Bank") is the owner of the loan, and FCMC services the loan on Deutsche Bank's behalf.

Plaintiff is the Debtor in the underlying bankruptcy case filed under Chapter 13 of the United States Bankruptcy Code in the Western District of Washington on August 29, 2018 as Case No. 18-13392-TWD (the "Underlying Bankruptcy").

The real property that is subject to this action is commonly known as and located at 31445 West Lake Morton Drive SE, Covington, Washington 98042 (hereinafter the "Subject Property") and is legally described as:

> LOT(S) 2, KING COUNTY SHORT PLAT NUMBER 283026, RECORDED UNDER RECORDING NUMBER 8305040997, IN KING COUNTY, WASHINGTON;
>
> TOGETHER WITH THAT PORTION OF LOT 1 IN SAID SHORT PLAT LYING WESTERLY OF A LINE DESCRIBED AS FOLLOWS:
>
> BEGINNING AT THE NORTHWESTERLY CORNER OF SAID LOT 1; THENCE EASTERLY ALONG THE NORTHERLY BOUNDARY 23.96 FEET TO THE POINT OF BEGINNING OF SAID LINE; THENCE SOUTHERLY TO A POINT ON THE SOUTHERLY BOUNDARY OF LOT 1 WHICH IS 24 FEET EASTERLY OF THE SOUTHWEST CORNER OF SAID LOT 1 AND THE TERMINUS OF SAID LINE; AND
>
> TOGETHER WITH AN EASEMENT FOR ROADWAY OVER AND UPON THE SOUTH 20.00 FEET OF TRACT 208, PLAT OF LAKE MORTON TRACTS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 48 OF PLATS, PAGE(S) 90 AND 91, IN KING COUNTY, WASHINGTON;
> EXCEPT THE WEST 100.00 FEET THEREOF

///

///

---

MOTION TO DISMISS COMPLAINT

TMLF File No. 143606

Renee M. Parker (SBN 36995)
The Mortgage Law Firm, PLLC
601 West First Avenue, Suite 1417
Spokane, WA 99201
PH: (509) 866-5375/FAX: (509) 202-4380

3

### III. STATEMENT OF FACTS

On or about August 16, 2006 Plaintiff executed and delivered that certain promissory note in the original principal amount of $67,600.00 (the "Note") to WMC Mortgage Corp. (the "Lender"). *See*, Proof of Claim No. 3-1 on the Claims Register herein (hereinafter the "POC").

The Note is secured by a Deed of Trust encumbering the Subject Property ("Deed of Trust"); the Deed of Trust was recorded on or about August 18, 2006 in the Office of the King County Auditor as Instrument No. 20060818002017. *See*, POC.

The Deed of Trust was assigned to FCMC on or about June 12, 2008; the Assignment of Deed of Trust was recorded in the Office of the King County Auditor on or about September 26, 2008 as Instrument No. 20080926001473. *See*, POC.

On or about May 10, 2012 Plaintiff and Plaintiff's non-debtor spouse Alicia Hernandez filed bankruptcy case filed under Chapter 7 of the United States Bankruptcy Code in the Western District of Washington as Case No. 12-14989 (the "Prior Bankruptcy"). *See*, Complaint, ¶ 14.

After Plaintiff filed the Underlying Bankruptcy, he subsequently filed the Complaint November 16, 2018 (the "Adversary Proceeding") requesting this Court to avoid the Deed of Trust Lien as to the Subject Property and an disallowance of Defendants' Proof of Claim based on: **1)** an ineffective argument that Defendants' Deed of Trust is no longer enforceable due to the discharge in the Prior Bankruptcy (Complaint, ¶¶ 16-18); or, **2)** the incorrect argument that the statute of limitations "begins to run with the payment due the month of Discharge" (Complaint, ¶ 21). None of these arguments present a cognizable legal theory on which Plaintiff can obtain relief, and the Complaint must be dismissed without leave to amend.

### IV. LEGAL ARGUMENTS AND AUTHORITIES

#### A. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate where no claim for relief has been stated. *Cutler v. Phillips Petroleum Co.*, 124 Wn.2d 749, 755

---

MOTION TO DISMISS COMPLAINT

TMLF File No. 143606

Renee M. Parker (SBN 36995)
The Mortgage Law Firm, PLLC
601 West First Avenue, Suite 1417
Spokane, WA 99201
PH: (509) 866-5375/FAX: (509) 202-4380

4

(1994); *Rodriguez v. Loudeye Corp.*, 144 Wn.App. 709, 717-18 (2008). "In general, when ruling on a CR 12(b)(6) motion to dismiss, the trial court may only consider the allegations contained in the complaint and may not go beyond the face of the pleadings." *Sebek v. City of Seattle*, 172 Wash.App 273, 275 (FN2) (2012) (internal citations omitted).

The gravamen of the court's inquiry is whether the plaintiff's claim is legally sufficient, which is answered by looking to the face of the pleadings. *Gorman v. Garlock, Inc.*, 155 Wn.2d 198, 201 (2005); *Rodriguez*, 144 Wn.App. 709 at 725. A court's fundamental inquiry in the Rule 12(b)(6) context is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).[1]

Dismissal under CR 12(b)(6) is proper where "'it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief.'" *Lawson v. State*, 107 Wn.2d 444, 448 (1986) (citing *Bowman v. John Doe*, 104 Wn.2d 181, 183 (1985)). Likewise, this District has held:

> To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. It is not enough for a complaint to plead facts that are merely consistent with a defendant's liability. Rather, a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*McCann v. Quality Loan Service Corp.*, 729 F. Supp. 2d 1238, 1240 (W.D.Wash. 2010) (internal citations and quotations omitted).

Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss is also proper

---

[1] Abrogated on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

| MOTION TO DISMISS COMPLAINT | Renee M. Parker (SBN 36995) |
| --- | --- |
| TMLF File No. 143606 | The Mortgage Law Firm, PLLC |
| | 601 West First Avenue, Suite 1417 |
| | Spokane, WA 99201 |
| 5 | PH: (509) 866-5375/FAX: (509) 202-4380 |

where, as here, a plaintiff seeks remedies to which he or she is not entitled as a matter of law. *See, e.g., King v. California*, 784 F.2d 910 (9th Cir. 1986), *cert. denied*, 484 U.S. 802 (1987). A plaintiff's obligation to provide the grounds of his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

While a plaintiff's factual allegations must be taken as true, legal issues presented by a plaintiff's allegations are subject to full judicial analysis and need not be accepted as true. *Howell v. Alaska Airlines, Inc.*, 99 Wn.App. 646, 648 (2000); *Rodriguez*, 144 Wash.App. at 717-18. Dismissal is proper where claims are legally insufficient even after considering hypothetical facts. *Gorman*, 155 Wn.2d at 201.

In resolving a motion brought under FRCP 12(b)(6), a court must: (1) construe the complaint in the light most favorable to the plaintiffs; (2) accept all well-pleaded allegations as true; and (3) determine whether the plaintiffs can prove any facts necessary to support a claim for relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). "[C]onclusory allegations and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Contractors. of Am. v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998); *see also*, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged.").

Since Plaintiff failed to plead any claims specific to Defendants that supports his claim for the drastic relief requested, Fed. R. Civ. Proc. Rule 12(b)(6), in accordance with Fed. R. Bankr. Proc. Rule 7012(b), requires dismissal of the Complaint.

**B. THE COMPLAINT CAN BE DISMISSED WITHOUT LEAVE TO AMEND**

The court can grant dismissal without leave to amend where amendment of a complaint would be futile. *Doyle v. Planned Parenthood*, 31 Wn.App. 126, 132, 639 P.2d 240 (1982).

---

MOTION TO DISMISS COMPLAINT

TMLF File No. 143606

Renee M. Parker (SBN 36995)
The Mortgage Law Firm, PLLC
601 West First Avenue, Suite 1417
Spokane, WA 99201
PH: (509) 866-5375/FAX: (509) 202-4380

6

Here nothing in Plaintiff's Complaint indicates that amendment would be anything other than futile. Plaintiff is asking for relief based on an assumption that Defendants' Proof of Claim, filed as Claim No. 4 on the Claims Register in the Underlying Bankruptcy (hereinafter the "POC") is invalid, and the lien can also be avoided, because the statute of limitations bars the in rem rights afforded to Defendants (Complaint, Pg. 6:6-12). Accordingly, and for the reasons below, the Complaint must be dismissed without leave to amend.

**C. PLAINTIFF FAILED TO STATE A CLAIM FOR AVOIDANCE OF THE LIEN AND DISALLOWANCE OF THE CLAIM**

Plaintiff relies on two cases to support disallowance of the POC and avoidance of Defendants' lien. The first is an unpublished case, *Jarvis v. Fed. Nat'l Mort. Ass'n*, , cited as No. C16-5194-RBL at *3, 2017 WL 1438040 (W.D. Wash. Apr. 24, 2017), aff'd mem., 726 Fed.App'x. 666 (9th Cir. 2018) (hereinafter referenced as the "*Jarvis* Case"). Complaint, ¶ 18.

The second case upon which Plaintiff relies is *Edmundson v. Bank of America*, 194 Wash.App. 920, 931-32 (Wash. Court of Appeals 2016) (hereinafter referenced as the "*Edmundson* Case"), which was also cited in the *Jarvis* Case. Complaint, ¶ 21.

Both cases fail to support lien avoidance or disallowance of the POC based on a statute of limitations argument, and both are inapplicable here, under the following analyses.

A. The Edmondson Case

Here Plaintiff states that, under the Edmondson Case, the prior Chapter 7 discharge allows for the statute of limitations to run. Complaint, ¶ 21.

The *Edmundson* Case is confined solely to a <u>demand</u> promissory note, which is different than the installment promissory note at issue here[2] and the Court goes on to state that: "In sum,

---

[2] "Washington law distinguishes between demand promissory notes and installment promissory notes. 'A demand [promissory] note is payable immediately on the date of its execution.' As such, the statutory limitation period begins to run on a demand note when it is executed. An installment promissory note, on the other hand, is payable in installments and matures on a future date. '[W]hen recovery is sought on an obligation payable by installments,

MOTION TO DISMISS COMPLAINT

TMLF File No. 143606

Renee M. Parker (SBN 36995)
The Mortgage Law Firm, PLLC
601 West First Avenue, Suite 1417
Spokane, WA 99201
PH: (509) 866-5375/FAX: (509) 202-4380

7

nothing in this record and nothing under either federal or state law supports the conclusion that the discharge of personal liability on the note also discharges the lien of the deed of trust securing the note. The deed of trust is enforceable." *Edmundson* Case at 927.

The Court even made the distinction between enforceability of in personam rights, versus retained in rem rights, by stating: "The trial court also concluded, on state law grounds, that the deed of trust became unenforceable once the underlying note that it secured became unenforceable due to the bankruptcy discharge. There simply is no authority for that legal conclusion." *Edmundson*, 194 Wash. App. at 926.

Specifically, after analysis of issues involving the <u>demand</u> promissory note at issue, which has different treatment under the statute of limitations, the *Edmundson* Court then states "That is all that is required under the circumstances of this case." 194 Wash. App. at 930. All analysis after this point would be dicta, and therefore not binding in the present litigation as Plaintiff contends.

Moreover, under *Johnson v. Home State Bank*, 501 U.S. 78 (1991), which was specifically cited in the *Edmundson* Case at 925-26 (internal citations omitted), the right to enforce a deed of trust survives a bankruptcy discharge:

> The United States Supreme Court has made clear the relationship between a deed of trust or mortgage and a discharge of debt in bankruptcy. In the Supreme Court stated:
>> A mortgage is an interest in real property that secures a creditor's right to repayment. But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's in personam liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally. ***A defaulting debtor can protect himself from personal liability by obtaining a discharge [through bankruptcy]. However, such a discharge***

---

the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it.'" *Merceri*, No. 76706-2-I, 2018 WL 3830033, at *2 (internal citations omitted).

---

MOTION TO DISMISS COMPLAINT

TMLF File No. 143606

8

Renee M. Parker (SBN 36995)
The Mortgage Law Firm, PLLC
601 West First Avenue, Suite 1417
Spokane, WA 99201
PH: (509) 866-5375/FAX: (509) 202-4380

> *extinguishes only "the personal liability of the debtor." Codifying the rule of <u>Long v. Bullard,</u> the [Bankruptcy] Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy*.

Here, the Edmundsons petitioned for relief under the Bankruptcy Code. They obtained a discharge of their debts after the completion of their amended plan under Chapter 13 of the Bankruptcy Code. Consistent with <u>Johnson</u> and other cases, the Discharge of Debtor dated December 31, 2013 was limited to their personal liability for their debts. As that document states, the Edmundsons are discharged from their liability for these debts. But it also expressly states:

> "[A] creditor may have the right to enforce a valid lien, such as a mortgage or security interest against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case."

Accordingly, the Edmundsons' bankruptcy court discharge was limited to the discharge of their personal liability on the promissory note. The lien of the deed of trust securing the promissory note in this case was neither avoided nor eliminated in the bankruptcy proceeding. As the discharge plainly states, the right to foreclose the lien of the deed of trust on the Edmundsons' property was not affected by the bankruptcy discharge.

Based on this settled law, the trial court erred in granting summary judgment to the Edmundsons.

Accordingly, Plaintiff's reliance on *Edmundson* is misplaced and distinguishable, and the Complaint must be dismissed without leave to amend.

B. <u>The Jarvis Case</u>

In the *Jarvis* Case, Plaintiff contends that the "discharge of a borrower's personal liability on a loan through bankruptcy…is analogous to a promissory note's maturation." Complaint, ¶ 18. This is the basis on which Plaintiff relies to avoid Defendants' lien and disallow the POC.

The *Jarvis* case is unpublished, and therefore not binding on this Court. "GR [Revised Code of Washington, General Rule] 14.1(a) governs the citation to unpublished opinions and states in pertinent part, "Unpublished opinions of the Court of Appeals have no precedential value and are not binding on any court. However, unpublished opinions of the Court of Appeals

---

MOTION TO DISMISS COMPLAINT

TMLF File No. 143606

9

Renee M. Parker (SBN 36995)
The Mortgage Law Firm, PLLC
601 West First Avenue, Suite 1417
Spokane, WA 99201
PH: (509) 866-5375/FAX: (509) 202-4380

filed on or after March 1, 2013, may be cited as non-binding authorities, if identified as such by the citing party, and may be accorded such persuasive value as the court deems appropriate." *Karanjah v. Dep't of Soc. & Health Servs.*, 199 Wash. App. 903, 912, 401 P.3d 381, 388 (2017). "Thus, Judge Matz properly ruled that the unpublished memorandum disposition for *Viacom* was not binding precedent, *see* Ninth Circuit Rule 36–3(a)(stating that unpublished dispositions of the circuit are not binding precedent except under relevant exceptions), and did not err in denying M2 Software's motion for reconsideration." *M2 Software, Inc., a Delaware corporation v. Madacy Entm't, a corporation*, 421 F.3d 1073, 1086 (9th Cir. 2005).

Accordingly, unless this Court adopts the ruling of the *Jarvis* Case, Plaintiff is unable to use it to disallow Defendants' claim or to avoid the lien, and the Complaint must be dismissed without leave to amend.

### D. THE STATUTE OF LIMITATIONS HAS NOT EXPIRED

At issue in this litigation is an installment note. *See*, POC. Because the Ninth Circuit has established that the statute of limitation 'renews' each time an installment payment comes due on an unmatured note, when Plaintiff tendered his last installment payment is irrelevant:

> Most courts that have addressed the issue rule that the action accrues and the statute of limitations runs against each installment from the time it becomes due. *See United States v. Dos Cabezas Corp.,* 995 F.2d 1486, 1490 (9th Cir.1993) (statute applies to each installment separately and does not begin to run until installment due); *Central Home Trust Co. of Elizabeth v. Lippincott,* 392 So.2d 931, 933 (Fla.App.1980) (action accrues day after each installment due); *Honn v. National Computer Systems, Inc.,* 311 N.W.2d 1, 2 (Minn.1981) (separate action arises and limitation begins when each installment due); *General Theraphysical, Inc. v. Dupuis,* 118 N.H. 277, 385 A.2d 227, 228 (1978) (statute runs against each installment as it becomes due); *Farmers & Merchants Bank v. Templeton,* 646 S.W.2d 920, 923 (Tenn.App.1982) (action accrues and statute runs from default on each installment).

*Navy Fed. Credit Union v. Jones*, 187 Ariz. 493, 495, 930 P.2d 1007, 1009 (Ct. App. 1996).

> An installment promissory note, on the other hand, is payable in installments and matures on a future date… Thus, the statutory limitation period commenced for each installment from the time it became due and was not paid. But the final six-

---

MOTION TO DISMISS COMPLAINT

TMLF File No. 143606

Renee M. Parker (SBN 36995)
The Mortgage Law Firm, PLLC
601 West First Avenue, Suite 1417
Spokane, WA 99201
PH: (509) 866-5375/FAX: (509) 202-4380

10

year period to take an action related to the debt does not begin to run until it [the note] fully matures in 2046. Accordingly, unless the note ceased to be an installment note, the Bank's 2016 notice of trustee sale is timely because the statutory limitation period applicable to the entire loan obligation has not yet started to run and the action was brought within six years of missed monthly installment payments.

*Merceri v. Bank of New York Mellon on behalf of holders of Alternative Loan Tr. 2006-OA19, Mortg. Pass Through Certificate Series 2006-OA19*, No. 76706-2-I, 2018 WL 3830033, at *2 (Wash. Ct. App. Aug. 13, 2018), *review denied sub nom. Merceri v. Bank of New York Mellon*, 430 P.3d 244 (Wash. 2018).

The *Edmondson* Case, which cites *Herzog v. Herzog*, 23 Wash.2d 382, 388 (1945) similarly does not support starting the statute of limitations clock on an installment note, which is the case here, due to lack of <u>monthly</u> installment payments: "'[W]hen recovery is sought on an obligation payable by installments, the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it.'"

### A. Acceleration Is An Exception To The Effect Of Installment Payments

An exception to the statute of limitations as to installment payments exists. When the "optional acceleration clause" is exercised,

> most jurisdictions rule that the statute of limitations runs from the date the creditor exercises the acceleration clause or the cause of action accrues. *See*, *Dos Cabezas Corp.* (action for future installments accrues when their due date accelerated); *Central Home Trust* (statute commences on installments not yet due when holder exercises right to accelerate); *Wall v. Citizens & Southern Bank of Houston County,* 247 Ga. 216, 274 S.E.2d 486, 487 (1981) (statute runs from date of acceleration rather than date of last installment); *Templeton* (action for unmatured installments accrues when creditor takes advantage of acceleration clause).

*Navy Fed. Credit Union v. Jones*, 187 Ariz. 493 at 495. This is best summarized by 54 C.J.S. Limitations of Actions § 153 (1987):

> [I]f the acceleration clause in a debt payable in installments is optional, a cause of action as to future nondelinquent installments does not accrue until the creditor chooses to take advantage of the clause and accelerate the balance.

---

MOTION TO DISMISS COMPLAINT

TMLF File No. 143606

Renee M. Parker (SBN 36995)
The Mortgage Law Firm, PLLC
601 West First Avenue, Suite 1417
Spokane, WA 99201
PH: (509) 866-5375/FAX: (509) 202-4380

11

> Unless the creditor exercises the option, the statute of limitations applies to each installment separately, and does not begin to run on any installment until it is due....
>
> Moreover, whether or not an instrument contains an acceleration clause, exercised or not, is of no moment to the accrual of a cause of action for a *defaulted* installment, since an acceleration clause only accelerates the due date of *future* installments to the date of the exercise of the right of acceleration.

Persuasive case law also recognizes the unfairness of allowing an obligor to default on a mortgage (or other long-term debt) in order to take advantage of the statute of limitations:

> Money is often loaned at interest on a long credit, for the purposes of an investment; and in order to avoid the annoyance and hazard of changing the securities, the interest is generally lower on a long loan than on a short one; nevertheless, it is important to the lender that the interest be punctually paid; and if, with that view, he should insert in the note a clause similar to that in this case, the borrower needs only to decline to pay, even for a day, the first instalment of interest, in order to shorten the credit to four years [fn 3: Please note this is a case from 1932, and the statute of limitations is now 6 years as stated in the Opposition] if the argument for the defendants be sound. This would convert the Statute of Limitations from a statute of repose into one of oppression and fraud.
>
> Instead of simply compelling the creditor to sue upon his demand within a reasonable time *after* it is due, it would enable a dishonest debtor, if his interest prompted it, to compel the creditor to take payment long *before* it is due, and thereby to escape the payment of future interest. We do not give to the statute so narrow a construction, and therefore hold that the cause of action in this case did not accrue until the maturity of the note.

*Andrews v. Zook*, 125 Cal. App. 19, 22, 13 P.2d 518, 519–20 (Cal. Ct. App. 1932). This appears to be the Debtor's intent here in his acts to disallow Creditor's claim.

Here, Plaintiff failed to show, or to even allege, that voluntary acceleration occurred at any time that would start the "clock" on the statute of limitations, and the Complaint must be accordingly dismissed.

///

///

---

MOTION TO DISMISS COMPLAINT

TMLF File No. 143606

12

Renee M. Parker (SBN 36995)
The Mortgage Law Firm, PLLC
601 West First Avenue, Suite 1417
Spokane, WA 99201
PH: (509) 866-5375/FAX: (509) 202-4380

### E. ACCELERATION OF A LOAN IS NOT AUTOMATIC AND MUST BE VOLUNTARY

As recently reinforced by recent Washington State law, acceleration of a note must be voluntary, affirmative, and unequivocal:

> Our Supreme Court has held "that even if the provision in an installment note provides for the automatic acceleration of the due date upon default, mere default alone will not accelerate the note." *A.A.C. Corp. v. Reed*, 73 Wash.2d 612, 615, 440 P.2d 465 (1968). " '*Some affirmative action is required, some action by which the holder of the note makes known to the payors that he intends to declare the whole debt due.*' " *Glassmaker v. Ricard*, 23 Wash. App. 35, 37-38, 593 P.2d 179 (1979) (quoting *Weinberg v. Naher*, 51 Wash. 591, 594, 99 P. 736 (1909) ); *4518 S. 256th, LLC v. Karen L. Gibbon, PS*, 195 Wash. App. 423, 436, 382 P.3d 1 (2016), *review denied*, 187 Wash.2d 1003, 386 P.3d 1084 (2017).
>
> [A] provision hastening the date of maturity of the whole debt is for the benefit of the payee, and if he does not manifest any intention to claim it, before tender is actually made, there is in law no default such as will cause the maturity of the debt before the regular time provided in the agreement. *Coman v. Peters*, 52 Wash. 574, 578, 100 P. 1002 (1909). "[A]cceleration must be made in a clear and unequivocal manner which effectively apprises the maker that the holder has exercised his right to accelerate the payment date." *Glassmaker*, 23 Wash. App. at 38, 593 P.2d 179.

*Merceri*, No. 76706-2-I, 2018 WL 3830033, at *3.

As discussed infra, Plaintiff failed to show, or to even allege, that a voluntary acceleration occurred at any time. Plaintiff is not entitled to use the 'involuntary acceleration' he alleges occurred with he received a discharge in the Prior Bankruptcy, and as a result the Complaint cannot survive dismissal.

### V. CONCLUSION

Plaintiff filed the Complaint without any legal basis to avoid Defendants' POC and/or to avoid Defendants' lien. Is clear that no causes of action exist upon which this Court can grant any relief – let alone the drastic relief Plaintiff demands. Amendment would be futile, and the Complaint must be dismissed with prejudice.

---

MOTION TO DISMISS COMPLAINT

TMLF File No. 143606

13

Renee M. Parker (SBN 36995)
The Mortgage Law Firm, PLLC
601 West First Avenue, Suite 1417
Spokane, WA 99201
PH: (509) 866-5375/FAX: (509) 202-4380

WHEREFORE, based upon the facts and conclusions above, Defendants requests that:

1. Defendant's Motion to Dismiss be granted;
2. This action be dismissed in its entirety with prejudice, without additional leave to amend; and
3. For such other and further relief as the Court deems just and proper.

DATED this 19th day of December, 2018.

Respectfully Submitted,
THE MORTGAGE LAW FIRM, PLLC

By: /s/ Renee M. Parker
Renee M. Parker, WSBA# 36995
Attorneys for Defendants,
FRANKLIN CREDIT MANAGEMENT CORPORATION and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR BOSCO CREDIT II TRUST SERIES 2010-1

---

MOTION TO DISMISS COMPLAINT

TMLF File No. 143606

14

Renee M. Parker (SBN 36995)
The Mortgage Law Firm, PLLC
601 West First Avenue, Suite 1417
Spokane, WA 99201
PH: (509) 866-5375/FAX: (509) 202-4380