1

2

3

4

5

6

7

8

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

10

11     IN RE:

12     NAZARIO HERNANDEZ,

13

14                              Debtor.

15

16     NAZARIO HERNANDEZ,

17                              Plaintiff,

18     v.

19     FRANKLIN CREDIT MANAGEMENT
       CORPORATION and DEUTSCHE BANK
20     NATIONAL TRUST COMPANY AS
       TRUSTEE FOR BOSCO CREDIT II TRUST
21     SERIES 2010-1,

22                              Defendants.

Case No. 18-13392-TWD

Adversary No. 18-01159-TWD

RELY IN SUPPORT OF MOTION FOR
WITHDRAWAL OF REFERENCE TO
BANKRUTPCY COURT

23

24          COMES NOW the Plaintiff, Nazario Hernandez, by and through the undersigned

25     attorney, and hereby Replies to the Opposition of the Defendants as follows:

26          In seeking to classify the issue at stake in this matter as "core", the Defendants

27     fundamentally mis-characterize this matter and the case it relies on, claiming that "Essentially,

REPLY IN SUPPORT OF MOTION FOR WITHDRAWAL OF
REFERENCE TO BANKRUPTCY COURT - Page 1

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST., SUITE 311
SEATTLE, WA 98109
V (206) 330-0595
F (206) 400-7609

the main crux of Plaintiff's case relies on bankruptcy case law." Docket No. 9, page 4, lines 17-18. This is plainly not the case. The Opposition even claims that the relief sought by the Plaintiff is "a right that would not exist outside of bankruptcy." *Id* at page 4, line 10. That is false. The Debtors could file a complaint to quiet title in state or federal court based on Washington State statutory caselaw alone. *See Jarvis v. Fed. Nat'l Mort. Ass'n,* No. C16-5194-RBL, 2017 WL 1438040 (W.D. Wash. Apr. 24, 2017), aff'd mem., 726 Fed.App'x. 666 (9th Cir. 2018).

The procedural history of *Jarvis* is instructive. The plaintiffs in *Jarvis* filed a state court action to quiet title against Fannie Mae, which was then removed by the defendant to the US District Court for the Western District of Washington based on diversity jurisdiction. The cause of action under *Jarvis* was based on Washington State statutes alone. The only relevance of bankruptcy law was the prior discharge received by the plaintiffs in *Jarvis.* It was not an action in bankruptcy court, it was a quiet title action.

*This* adversary proceeding is founded in the same Washington State statutes. If the Plaintiff was not a debtor in this bankruptcy, he would have brought the action in state Superior Court or Federal District Court under the same state-law rights as *Jarvis.* The Plaintiff's non-debtor spouse, Alicia Hernandez, should have the same right to bring a quiet-title action outside of bankruptcy court.

The Plaintiff's complaint relies on RCW 4.16.040 (1) as the basis for the Defendants' lien being invalid, not bankruptcy law. The analysis of the validity of this lien is strictly an interpretation of state law, just as it was in *Jarvis*. There is no factual or legal question about the existence of the Plaintiff's bankruptcy discharge from 2012. Simply put, there are no bankruptcy

REPLY IN SUPPORT OF MOTION FOR WITHDRAWAL OF
REFERENCE TO BANKRUPTCY COURT - Page 2

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST., SUITE 311
SEATTLE, WA 98109
V (206) 330-0595
F (206) 400-7609

Case 18-01159-TWD    Doc 11    Filed 01/17/19    Ent. 01/17/19 14:51:05    Pg. 2 of 5

law issues at all in this case. It is nothing more than a quiet title claim that was brought in the context of an existing chapter 13 bankruptcy plan.

The Defendants also argue thusly:

The result of this litigation has a direct effect on the outcome of the underlying bankruptcy case, is a right that would not exist outside of bankruptcy (lien avoidance and disallowance of a proof of claim), and Plaintiff will be required to complete the Chapter 13 Plan to effectuate avoidance of the lien. Therefore, it is core to the underlying bankruptcy and must be adjudicated by this Court.

Docket 9, page 4 at lines 8-12.

In this small statement, the Defendants manage to make several major mistakes. First, the right to avoid a lien through a quiet title action absolutely exists outside of bankruptcy – in RCW 7.28.300 – which is cited in the Plaintiff's complaint. Second, there is nothing in the code that mandates the completion of a chapter 13 plan in order to effectuate the avoidance of a lien when that lien is avoided based on state statute. Defendants seem to be confusing this adversary proceeding with an action to avoid a second position lien based on a lack of equity in the property. That clearly does not describe the present action.

Yes, the outcome of this litigation will have a direct result on the bankruptcy case – but only in whether the claim will need to be paid in the Debtor's plan. That does not make this action one that hinges on bankruptcy law. On the contrary, the bankruptcy plan hinges on the outcome of a state law question of whether the Debtor has a right to quiet title on lien when the statute of limitations has run, pursuant to RCW 4.16.040 (1) and RCW 7.28.300.

The Defendants cite the *Pacor* test for deciding whether a claim is *related to* a bankruptcy case, but both *Pacor, Inc. v. Higgins,*743 F.2d 984, 994 (3d Cir. 1984) and the later decided *In re W.R. Grace & Co.,* 900 F.3d 126, 139 (3d Cir. 2018) were concerned with whether

REPLY IN SUPPORT OF MOTION FOR WITHDRAWAL OF
REFERENCE TO BANKRUPTCY COURT - Page 3

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST., SUITE 311
SEATTLE, WA 98109
V (206) 330-0595
F (206) 400-7609

Case 18-01159-TWD    Doc 11    Filed 01/17/19    Ent. 01/17/19 14:51:05    Pg. 3 of 5

jurisdiction was proper in Bankruptcy Court vs. State Court, in essence, whether the Federal courts had jurisdiction *at all*.

This is further illustrated by *In re Fietz*, cited by the Defendants. In *Fietz*, the facts were important, so shall be quoted here:

> In his petition, Fietz listed as an asset a potential claim against Great Western under California law based on Great Western's allegedly improper demand for enforcement of the due-on-sale clause. The bankruptcy court confirmed a plan for payment of Fietz' creditors on March 8, 1983. On May 6, 1983, the bankruptcy court authorized the filing of an adversary proceeding by Fietz, as debtor in possession, against Great Western based on Great Western's insistence on enforcement of the due-on-sale clause. The house was sold on May 25, 1983, for less than it would have brought if Great Western had not insisted on enforcing its due-on-sale clause. On June 15, 1983, Fietz filed the authorized adversary proceeding against Great Western. He sought damages for Great Western's failure to consent to the wrap-around financing. Fietz joined his wife, Gordon, as a defendant in the action. On July 14, 1983, she filed a cross-claim against Great Western in which she alleged substantially the same facts Fietz alleged in his adversary proceeding complaint.

> On September 28, 1983, the California Superior Court dissolved the marriage between Fietz and Gordon. Their community property was divided pursuant to a marital settlement agreement dated September 6, 1983. Fietz was discharged from his Chapter 13 bankruptcy proceeding on January 23, 1984. A bankruptcy court order dated June 1, 1984, granted partial summary judgment in the adversary proceeding in favor of Fietz and Gordon and against Great Western on the issue of Great Western's liability for having enforced the due-on-sale clause. On May 23, 1985, the bankruptcy court denied Great Western's motion to dismiss, for lack of jurisdiction, Fietz' claim and Gordon's cross-claim. Great Western appealed this order to the district court. The district court had discretion to hear the appeal from the bankruptcy court's interlocutory order under 28 U.S.C. § 158(a) (Supp. IV 1986). See Walther v. King City Transit Mix, Inc. (In re King City Transit Mix, Inc.), 738 F.2d 1065, 1066 (9th Cir.1984) (applying the earlier version of § 158(a), 28 U.S.C. § 1334(b) (1982)). On May 12, 1986, the district court determined that the bankruptcy court had jurisdiction over Fietz' claim but not over Gordon's cross-claim. Pursuant to the district court's Rule 54(b) certification, Gordon now appeals the district court's dismissal of her cross-claim for lack of subject matter jurisdiction.

> *In re Fietz*, 852 F.2d 455, 456 (9th Cir. 1988)

REPLY IN SUPPORT OF MOTION FOR WITHDRAWAL OF
REFERENCE TO BANKRUPTCY COURT - Page 4

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST., SUITE 311
SEATTLE, WA 98109
V (206) 330-0595
F (206) 400-7609

Case 18-01159-TWD    Doc 11    Filed 01/17/19    Ent. 01/17/19 14:51:05    Pg. 4 of 5

In citing the *Pacor* case, the court was not concerned with whether the bankruptcy court had jurisdiction over the matter at hand (the cross-claim by the non-debtor ex-wife against Great Western), but whether federal jurisdiction existed at all. And in that case, the court found that the bankruptcy court did *not* have jurisdiction over the cross-claim, because it's outcome would have no impact on the confirmed chapter 13 plan.

The Plaintiff here is not arguing that federal jurisdiction is lacking. Rather, the Plaintiff is arguing that the issues before the court are not bankruptcy law issues and are issues best decided by the US District Court for the Western District of Washington.

Also, Similar to *Fietz*, the non-filing spouse in this case has state law rights against the Defendants. However, as Alicia Hernandez is currently residing in California, diversity jurisdiction plainly exists to give her the right to enforce her rights under Washington State Statute in the US District Court.

Finally, while it is true that both the Plaintiff and Defendants in this matter have consented to the bankruptcy court's jurisdiction by way of their appearances in this court, Alicia Hernandez has not appeared in this bankruptcy matter and should not be precluded from seeking to quiet title against the Defendants.

WHEREFORE the Plaintiff respectfully requests that the US District Court Withdraw the Reference to the Bankruptcy Court in this matter.


DATED this January 17, 2019.


HENRY & DEGRAAFF, P.S.

By: */s/Jacob D. DeGraaff*
Jacob DeGraaff, WSBA #36713
Attorney for Plaintiff

REPLY IN SUPPORT OF MOTION FOR WITHDRAWAL OF
REFERENCE TO BANKRUPTCY COURT - Page 5

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST., SUITE 311
SEATTLE, WA 98109
V (206) 330-0595
F (206) 400-7609

Case 18-01159-TWD    Doc 11    Filed 01/17/19    Ent. 01/17/19 14:51:05    Pg. 5 of 5