THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAZARIO HERNANDEZ,<br><br>　　　　　　Appellant,<br><br>　v.<br><br>FRANKLIN CREDIT MANAGEMENT CORPORATION and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR BOSCO CREDIT II TRUST SERIES 2010-1,<br><br>　　　　　　Appellees. | CASE NO. C19-0207-JCC<br><br>BANKRUPTCY CASE NO.<br>18-01159-TWD<br><br>ORDER |

This matter comes before the Court on Appellant's brief (Dkt. No. 7), Appellees' response brief (Dkt. No. 10) and Appellant's reply brief (Dkt. No. 13). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby REVERSES the Bankruptcy Court and REMANDS the case for the reasons explained herein.

**I.   BACKGROUND**

The following factual and procedural background are undisputed. On August 16, 2006, Appellant executed and delivered a promissory note to WMC Mortgage Company ("WMC") in the amount of $67,600. (Dkt. No. 7-1 at 11.) The same day, Appellant executed and delivered a deed of trust to WMC granting Mortgage Electronic Registration Systems, Inc. ("MERS"), as

nominee for WMC, a security interest in residential real property in Covington, Washington. (*Id*.) On November 28, 2011, the deed of trust was sold, assigned, and transferred to Appellee Deutsche Bank National Trust Company ("Deutsche Bank"). (*Id*.) Appellee Franklin Credit Management Corporation was the mortgage service acting on behalf of Deutsche Bank. (*Id*. at 9–10.)

On December 1, 2010, Appellant defaulted on the note and deed of trust by failing to make his required monthly payment. (*Id*.) On May 10, 2012, Appellant and his wife filed a Chapter 7 bankruptcy petition in the United State Bankruptcy Court for the Western District of Washington. (*Id*.) Appellant and his wife ultimately received a discharge in that bankruptcy action on August 15, 2012. (*Id*.) After receiving their discharge, neither Appellant nor his wife made another payment on the note or any further promises to pay the note. (*Id*. at 31.) Appellees neither demanded further payment nor commenced foreclosure on the deed of trust. (*Id*.)

On August 29, 2018, Appellant filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Washington. (*Id*. at 9.) On November 16, 2018, Appellant initiated an adversary proceeding against Appellees, seeking to disallow Appellees' claim and avoid the deed of trust as time-barred. (*Id*. at 12.) Appellant argued that the six-year statute of limitation on enforcement of the deed of trust under Washington Revised Code § 4.16.040(1) began to run on August 1, 2012, which was the last date a payment was owing on the note and deed of trust prior to Appellant's Chapter 7 discharge. (*Id*.) Citing to case law from the Washington State Court of Appeals and courts in this district, Appellant argued that a discharge of a borrower's liability on a promissory note through bankruptcy triggers accrual of the statute of limitations because that event is analogous to the note's maturation—in other words, the date after which payments are no longer due. (*Id*.) (citing *Edmundson v. Bank of America*, 378 P.3d 272, 277–78 (Wash. Ct. App. 2016)). Appellees filed a motion to dismiss the adversary proceeding. (*See* Dkt. No. 7-1 at 14.)

On February 7, 2019, the Bankruptcy Court granted Appellees' motion to dismiss and

ORDER
C19-0207-JCC
PAGE - 2

1  dismissed the adversary proceeding with prejudice. (*Id*. at 14–15.) The Bankruptcy Court
2  reasoned that it was not required to follow *Edmundson* or other cases adopting it, because the
3  rule *Edmundson* announced was *dicta*. (*Id*. at 17–18.) The Bankruptcy Court ruled that "under
4  Washington law the statute of limitations for an action to enforce a deed of trust securing an
5  installment note can be triggered only by natural maturation or acceleration." (*Id*. at 19.) The
6  Bankruptcy Court went on to state that there was "nothing in either the Bankruptcy Code or
7  Washington State law," to support the proposition that discharge of a promissory note through
8  bankruptcy was "the equivalent of either an acceleration or maturation of the note." (*Id*. at 19.)
9  The Bankruptcy Court expressed further concern that adoption of Appellant's position "would
10 lead to potentially absurd results." (*Id*. at 20.) Appellant timely filed this appeal of the
11 Bankruptcy Court's order. (Dkt. No. 1.)

12 **II.    DISCUSSION**

13         District courts have jurisdiction to review a bankruptcy court's decisions. 9 U.S.C.
14 § 16(a)(1)(A)–(B); 28 U.S.C. § 158(a)(1). District courts conduct *de novo* review of a bankruptcy
15 court's conclusions of law. *In re EPD Inv. Co., LLC*, 821 F.3d 1146, 1150 (9th Cir. 2016). A
16 court's dismissal on statute of limitations grounds is a question of law reviewed *de novo*. *See*
17 *Underwood Cotton Co., Inc. v. Hyundai Merch. Marine (Am.), Inc.*, 288 F.3d 405, 407 (9th Cir.
18 2002). A federal court applying Washington law must apply the law as it believes the
19 Washington State Supreme Court would. *See Gravquick A/S v. Trimble Navigation Int'l Ltd.*,
20 323 F.3d 1219, 1222 (9th Cir. 2003) "[W]here there is no convincing evidence that the state
21 supreme court would decide differently, a federal court is obligated to follow the decisions of the
22 state's intermediate appellate courts." *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d
23 958, 960 (9th Cir. 2001) (quoting *Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th
24 Cir. 1996)).

25         Under Washington law, a promissory note and deed of trust are written contracts that are
26 subject to a six-year statute of limitations. *See* Wash. Rev. Code § 4.16.040(1); *Cedar W.*

*Owners Ass'n v. Nationstar Mortg., LLC*, 434 P.3d 554, 559 (Wash. Ct. App. 2019). An action "can only be commenced" within six years "after the cause of action has accrued." Wash. Rev. Code § 4.16.005. The six-year statute of limitations on a deed of trust accrues "when the party is entitled to enforce the obligations of the note." *Wash. Fed., Nat'l Ass'n v. Azure Chelan LLC*, 382 P.3d 20 (Wash. Ct. App. 2016). When a promissory note and deed of trust are payable in installments, like the ones in this case, the six-year statute of limitations accrues for each monthly installment from the time it becomes due. *Edmundson*, 378 P.3d at 277 (citing *Herzog v. Herzog*, 161 P.2d 142, 145 (Wash. 1945)).

In *Edmundson*, the Washington State Court of Appeals ruled that the six-year statute of limitations for enforcing a deed of trust payable in installments begins to accrue on each month that a borrower defaulted on a payment, until the borrowers' personal liability is discharged in a bankruptcy proceeding. 378 P.3d at 277. The court of appeals reasoned that the statute of limitations does not continue to accrue after discharge because, at that point, installment payments are no longer due and owing under either the note or deed of trust. *See Id*. Several courts have adopted this legal rule from *Edmundson*. *See U.S. Bank NA v. Kendall*, 2019 WL 2750171, slip op. at 4 (Wash. Ct. App. 2019) (noting that although a deed of trust's lien is not discharged in bankruptcy, the limitations period for an enforcement action "accrues and begins to run when the last payment was due" prior to discharge);[1] *Jarvis v. Fed. Nat'l Mortg. Ass'n*, Case No. C16-5194-RBL, Dkt. No. 47 at 6 (W.D. Wash. 2017), *aff'd mem.*, 726 Fed.App'x. 666 (9th Cir. 2018) ("The final six-year period to foreclose runs from the time the final installment becomes due . . . [which] may occur upon the last installment due before discharge of the borrower's personal liability on the associated note.")

The Bankruptcy Court erred by treating the rule announced in *Edmundson* regarding the applicable statute of limitations as *dicta* and instead ruling that "under Washington law the

---

[1] The Court notes that the opinion in *Kendall* was issued after the Bankruptcy Court made its ruling.

ORDER
C19-0207-JCC
PAGE - 4

<pre>
</pre>

statute of limitations for an action to enforce a deed of trust securing an installment note can be triggered *only* by natural maturation or acceleration." (Dkt. No. 7-1 at 19) (emphasis added).

The Washington State Court of Appeals expressly stated in *Edmundson* that the statute of limitations on enforcement of a deed of trust payable in installments accrues when the last installment payment is due prior to discharge of a borrower's personal liability on the corresponding promissory note. 378 P.3d at 277. The court of appeals based its reasoning on long-standing precedent from the Washington State Supreme Court holding that the statute of limitations accrues "against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." *Id*. (citing *Herzog*, 161 P.2d at 142).[2] That portion of the *Edmundson* opinion is properly characterized as part of the case's holding because it was necessary to reject the plaintiffs' argument on appeal that the statute of limitations barred enforcement of the deed of trust for a series of missed payments made prior to their discharge. *See Id*. It was also necessary to decide whether the creditor would be able to foreclose on the plaintiffs' home, or whether the plaintiffs would instead be able to succeed on a quiet title action.

But even if the rule announced in *Edmundson* was not technically part of the case's holding, the court of appeals' analysis provides clear insight into how Washington appellate courts would treat that issue. Indeed, the Washington State Court of Appeals has explicitly extended *Edmundson* in a recent case. *See Kendall*, 2019 WL 2750171 slip op. at 3 (Wash. Ct. App. 2019). Every federal court that has addressed this specific statute of limitations issue has also adopted the holding in *Edmundson*. *See, e.g.*, *Jarvis*, Case No. C16-5194-RBL, Dkt. No. 47 at 6. Further, the Court does not see any reason to conclude that the Washington State Supreme Court would reach a contrary decision. Thus, the Bankruptcy Court, as a federal court applying

---

[2] Notwithstanding the Washington State Supreme Court's holding in *Herzog*, the Bankruptcy Court stated that "under Washington law the statute of limitations for an action to enforce a deed of trust securing an installment note can be triggered only by natural maturation or acceleration." (Dkt. No. 7-1 at 19.) No Washington case stands for that absolute of a statement—rather, acceleration and maturation are two discrete situations when the statute of limitations accrues on a deed of trust.

ORDER
C19-0207-JCC
PAGE - 5

Washington law, was required to apply the rule announced in *Edmundson*. *See Gravquick A/S*, 323 F.3d at 1222. Regardless of the potential policy implications it identified, the Bankruptcy Court erred by treating the relevant portion of the *Edmundson* decision as *dicta*.

Here, Appellant received a Chapter 7 discharge on August 15, 2012. (Dkt. No. 7-1 at.) Therefore, the statute of limitations on the enforcement of the deed of trust began to accrue on the last date an installment payment was due prior to the discharge—in this case, August 1, 2012. It is undisputed that Appellees took no actions following discharge that could have tolled the six-year statute of limitations under Wash. Rev. Code § 4.16.040(1). Therefore, Appellees' ability to enforce the deed of trust became time-barred on August 1, 2018.

## III.  CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court granting Appellees' motion to dismiss to Appellant's adversary proceeding is REVERSED and this matter is REMANDED to the Bankruptcy Court for further proceedings consistent with this order.

DATED this 13th day of August 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE